**In the Matter of EAGLE BUS MANUFACTURING, INC., Debtor.**

**STATE OF OKLAHOMA, EX REL. OKLAHOMA TAX COMMISSION, Appellant,**

v.

**GREYHOUND LINES, INC., Appellee.**

No. 93–7692.

United States Court of Appeals, Fifth Circuit.

April 10, 1995.

Stanley P. Johnston, Deputy, Gen. Counsel, J.I.M. Caldwell, and Craig Key, Asst. Gen. Counsel, Oklahoma City, OK, for appellant.

Rebecca M. Fowler, John B. Turner, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, OK, and Alan Shore Gover, and Oscar Cantu, Weil, Gotshal & Manges, Houston, TX, for appellee.

Before GARWOOD, SMITH and STEWART, Circuit Judges.

STEWART, Circuit Judge:

The Oklahoma State Tax Commission appeals the judgment of the District Court finding that its taxation of interstate bus tickets violated the Commerce Clause of the United States Constitution. For the following reasons, the judgment of the District Court is reversed.

## BACKGROUND

Greyhound Lines, Inc. ("Greyhound") is a bus line providing transportation service for both intrastate and interstate travel. In 1990, it filed for protection under Chapter 11 of United States Bankruptcy Code. In 1991, the Oklahoma Tax Commission ("Commission") filed a proof of claim for unpaid sales taxes on the price of interstate bus tickets sold in Oklahoma. This tax was assessed against the gross receipts of tickets sold in Oklahoma regardless of where the trips began or ended. The Bankruptcy Court found that the sales tax violated the Commerce Clause of the United States Constitution. The District Court affirmed the Bankruptcy Court judgment. The Commission appeals the judgment of the District Court.

## DISCUSSION

The Commission contends that the state sales tax levied on interstate bus tickets does not violate the Commerce Clause. We agree. A state tax on interstate commercial activity violates the Commerce Clause unless it (1) is fairly apportioned, (2) is applied to an activity with a substantial nexus to the taxing state, (3) does not discriminate against inter-

**318**

state commerce, and (4) is fairly related to the services or benefits provided by the state. *Complete Auto Transit v. Brady,* 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977). If a tax statute fails to meet any of these four prongs, the statute will violate the Commerce Clause. *See Goldberg v. Sweet,* 488 U.S. 252, 259–60, 109 S.Ct. 582, 588, 102 L.Ed.2d 607 (1989).

■ In a recently decided case, *Oklahoma Tax Commission v. Jefferson Lines, Inc.,* —— U.S. ——, 115 S.Ct. 1331, 131 L.Ed.2d 261 (1995), the United States Supreme Court was faced with exactly the same issue—whether the Oklahoma sales tax assessed on interstate bus tickets sold in the State of Oklahoma violated the Commerce Clause. The Supreme Court held that this Oklahoma sales tax met the requirements of *Complete Auto Transit. Id.* at —— – ——, 115 S.Ct. at 1337–46. In accord with the Supreme Court's decision in *Oklahoma Tax Commission v. Jefferson Lines, Inc.,* we reverse the judgment of the District Court.

## CONCLUSION

Because the Supreme Court has held that the Oklahoma sales tax, does not violate the Commerce Clause, we REVERSE the judgment of the District Court. This case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.[1]

---

1. The Supreme Court in *Jefferson Lines* did not speak to sales taxes levied on tickets for travel wholly outside of Oklahoma or on routes originating in other states. The record before us does not reflect what portion, if any, of the taxes in question relate to such tickets. We leave to the

courts below on remand to address in the first instance the portion, if any, of the taxes claimed which are based on such tickets, and the validity of the tax as applied to them.